IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**Civil Action No.:**

CURTIS NOBLE,

       Plaintiff,

v.

LVNV FUNDING, LLC, a Delaware limited liability company,

       Defendant.

---

**COMPLAINT AND JURY DEMAND**

---

**JURISDICTION**

1. Jurisdiction of this Court arises under 28 U.S.C. § 1331 and 15 U.S.C. § 1692k(d).

2. This action arises out of the Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. (hereinafter the "FDCPA").

**VENUE**

3. Venue is proper in this District because the acts and transactions occurred here, the Plaintiff resides here and the Defendant transacts business here.

**PARTIES**

4. Plaintiff, Curtis Noble, is a natural person who resides in the City of Littleton, County of Jefferson, State of Colorado.

5. The Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

6. Defendant, LVNV Funding, LLC, is a Delaware limited liability company operating from an address at 625 Pilot Road, Suite 2, Las Vegas, Nevada, 89119.

7. The Defendant's registered agent in the state of Colorado is The Corporation Company, 1675 Broadway, Suite 1200, Denver, Colorado, 80202.

8. The Defendant is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

9. The Defendant is licensed as a collection agency by the state of Colorado.

10. The principal purpose of the Defendant is the collection of debts using the mails and telephone.

11. The Defendant regularly attempts to collect debts alleged to be due another.

## FACTUAL ALLEGATIONS

12. Sometime before June 2008 the Plaintiff allegedly incurred a financial obligation that was primarily for personal, family or household purposes namely an amount due and owing on a personal account (hereinafter the "Account").

13. The Account is a "debt" as that term is defined by 15 U.S.C. § 1692a(5).

14. The Account went into default with the original creditor.

15. Sometime after the Account went into default the Account was placed or otherwise transferred to the Defendant for collection.

16. The Plaintiff disputes the Account.

17. The Account has been paid.

18. The Plaintiff refuses to pay the Account.

19. On or about January 2009 the Plaintiff sent the Defendant a letter via Certified U.S. Mail, Return Receipt Requested, that stated in part: "This letter is sent to notify you that I dispute the validity of this debt."

20. A copy of the letter is attached as **Exhibit A**.

21. A representative, employee and / or agent of the Defendant signed for the letter on February 14, 2009.

22. A copy of the front and back of the Domestic Return Receipt is attached as **Exhibit B**.

23. In March 2009 the Defendant communicated the Account information to Equifax, a credit reporting agency.

24. A copy of the relevant page of the credit report is attached as **Exhibit C**.

25. The Defendant's actions in conveying the information regarding the Account to Equifax constituted a "communication" as defined by 15 U.S.C. § 1692a(5).

26. The Defendant conveyed to Equifax that the Account had a balance of $3,897.

27. The Defendant did not convey to Equifax that the Account was disputed.

28. In March 2009 the Defendant communicated the Account information to Experian, a credit reporting agency.

29. A copy of the relevant page of the credit report is attached as **Exhibit D**.

30. The Defendant's actions in conveying the information regarding the Account to Experian constituted a "communication" as defined by 15 U.S.C. § 1692a(5).

31. The Defendant conveyed to Experian that the Account had a balance of $3,897.

32. The Defendant did not convey to Experian that the Account was disputed.

33. In March 2009 the Defendant communicated the Account information to Transunion, a credit reporting agency.

34. A copy of the relevant page of the credit report is attached as **Exhibit E**.

35. The Defendant's actions in conveying the information regarding the Account to Transunion constituted a "communication" as defined by 15 U.S.C. § 1692a(5).

36. The Defendant conveyed to Transunion that the Account had a balance of $3,897.

37. The Defendant did not convey to Transunion that the Account was disputed.

38. The actions were undertaken by the Defendant as part of a campaign of abusive and unlawful collection tactics directed at the Plaintiff.

39. The Defendant's actions constitute harassment or abuse and therefore violate FDCPA 1692d preface.

40. The Defendant's actions constitute false and misleading representations and means and violate FDCPA 1692e preface, e(8), e(10) and e(11).

41. The Defendant's actions constitute unfair or unconscionable means to collect or attempt to collect a debt and violate FDCPA 1692f preface.

42. The Defendant's actions were attempts to harass, oppress and abuse the Plaintiff into paying the alleged debt.

43. The Defendant's actions were willful and intentional violations of the FDCPA.

44. As a consequence of the Defendant's collection activities and communications, the Plaintiff has sustained actual damages.

## COUNT I, FDCPA VIOLATIONS

45. The previous paragraphs are incorporated into this Count as if set forth in full.

46. The acts and omissions of the Defendant constitute numerous and multiple violations of the FDCPA, including but not limited to § 1692d preface, § 1692e preface, e(8), e(10), e(11) and § 1692f preface.

47. The Defendant's violations are multiple, willful and intentional.

48. Pursuant to FDCPA section 1692k the Plaintiff is entitled to actual damages, statutory damages up to $1,000.00, reasonable attorney's fees and costs.

## JURY TRIAL DEMAND

The Plaintiff is entitled to and hereby demands a trial by jury. U.S. Const. amend. 7., Fed. R. Civ. Pro. 38.

## PRAYER

**WHEREFORE**, the Plaintiff prays that the Court grants the following:

1. Actual damages under 15 U.S.C. § 1692k(a)(1).

2. Statutory damages under 15 U.S.C. § 1692k(a)(2)(A).

3. Reasonable attorneys fees and costs pursuant to 15 U.S.C. § 1692k(a)(3).

4. Such other and further relief as the Court deems just and proper.

Respectfully submitted,

s/ David M. Larson
David M. Larson, Esq.
405 S. Cascade Avenue, Suite 305
Colorado Springs, CO 80903
(719) 473-0006
Attorney for the Plaintiff

LVNV FUNDING
PO BOX 740281
HOUSTON, TX 77274
800-363-3115

    Re: ACCT # ■■■■■0199

To Whom It May Concern:

This letter is sent to notify you that I dispute the validity of this debt.

Please provide written verification of this debt.

Please provide the name and address of the original creditor.

    Sincerely,


    CURTIS L. NOBLE
    4590 W. MINERAL DR #1518
    LITTLETON, CO 80128

## CERTIFICATE OF MAILING

    I hereby certify that on this 15th day of January, 2009, I mailed a true and accurate copy of the above and foregoing Validity Dispute and Verification Request by depositing it into the US Mail postage prepaid to the parties listed below:

LVNV FUNDING
PO BOX 740281
HOUSTON, TX 77274
800-363-3115



EXHIBIT A

| SENDER: COMPLETE THIS SECTION | COMPLETE THIS SECTION ON DELIVERY |
|---|---|
| Complete Items 1, 2, and 3. Also complete Item 4 if Restricted Delivery is desired. Print your name and address on the reverse so that we can return the card to you. Attach this card to the back of the mailpiece, or on the front if space permits. | A. Signature  X  *Ed Hallas*   ☐ Agent  ☐ Addressee |
| | B. Received by (Printed Name)   C. Date of Delivery   12-14-09 |
| Article Addressed to:  LVNV Funding  PO Box 740281  Houston, TX 77274 | D. Is delivery address different from item 1? ☐ Yes  If YES, enter delivery address below: ☐ No |
| | 3. Service Type  ☐ Certified Mail  ☐ Express Mail  ☐ Registered  ☐ Return Receipt for Merchandise  ☐ Insured Mail  ☐ C.O.D. |
| | 4. Restricted Delivery? (Extra Fee)   ☐ Yes |
| 2. Article Number (Transfer from service label)   7008 1140 0003 7774 6773 | |
| PS Form 3811, February 2004   Domestic Return Receipt | 102595-02-M-1540 |

**EXHIBIT B**

UNITED STATES POSTAL SERVICE

First-Class Mail
Postage & Fees Paid
USPS
Permit No. G-10

* Sender: Please print your name, address, and ZIP+4 in this box *

CURTIS NOBLE
4590 W. MINERAL DR #1518
LITTLETON, CO 80128

Equifax FACT Act



Back to Top

## Other Accounts

These are all accounts that do not fall into the other categories and can include 30-day accounts such as American Express.

## Closed Accounts

| Account Name | Account Number | Date Opened | Balance | Date Reported | Past Due | Account Status | Credit Limit |
|---|---|---|---|---|---|---|---|
| LVNV FUNDING LLC | 0199XXXX | 05/2008 | $3,897 | 03/2009 | $3,897 | | $0 |

LVNV FUNDING LLC

PO Box 10584
Greenville, SC-296030584
(866) 464-1183

| Account Number: | 0199XXXX | Current Status: | |
|---|---|---|---|
| Account Owner: | Individual Account. | High Credit: | $3,830 |
| Type of Account : | Open | Credit Limit: | $0 |
| Term Duration: | | Terms Frequency: | |
| Date Opened: | 05/2008 | Balance: | $3,897 |
| Date Reported: | 03/2009 | Amount Past Due: | $3,897 |
| Date of Last Payment: | | Actual Payment Amount: | $0 |
| Scheduled Payment Amount: | $0 | Date of Last Activity: | N/A |
| Date Major Delinquency First Reported: | 07/2008 | Months Reviewed: | 8 |
| Creditor Classification: | Financial | Activity Description: | N/A |
| Charge Off Amount: | $0 | Deferred Payment Start Date: | |
| Balloon Payment Amount: | $0 | Balloon Payment Date: | |
| Date Closed: | | Type of Loan: | Factoring Company Account (debt purchaser) |
| Date of First Delinquency: | 04/2007 | | |
| Comments: | Collection account | | |

81-Month Payment History

No 81-Month Payment Data available for display.

Back to Top

## Payment History Key

| Meaning | Symbol | Meaning | Symbol |
|---|---|---|---|
| Pays or Paid as Agreed: | * | 180+ Days Past Due: | 180 |
| 30-59 Days Past Due: | 30 | Collection Account: | CA |
| 60-89 Days Past Due: | 60 | Foreclosure: | F |

EXHIBIT C

**LVNV FUNDING LLC**

Address:
PO BOX 10497
GREENVILLE, SC 29603
(866) 464-1183
Address Identification Number:
0675291138

Account Number:
█████0199....

Original Creditor:
HSBC BANK NEV FURNITURE ROW

Status: Collection account. $3,897 past due as of Mar 2009.

Status Details: This account is scheduled to continue on record until Jan 2014.

Date Opened:
05/2008
Reported Since:
07/2008
Date of Status:
08/2008
Last Reported:
03/2009

Type:
Installment
Terms:
1 Months
Monthly Payment:
$0
Responsibility:
Individual

Credit Limit/Original Amount:
$3,830
High Balance:
NA
Recent Balance:
$3,897 as of 03/2009
Recent Payment:
$0



Account History:
Collection as of Jul 2008 to Mar 2009

**LVNV FUNDING**

| | Old - 04/07/2009 | New - 04/11/2009 | Comparison |
|---|---|---|---|
| Account No.: | ▇▇▇▇0199**** | ▇▇▇▇0199**** | ✓ |
| Condition: | Derogatory | Derogatory | ✓ |
| Balance: | $3,897 | $3,897 | ✓ |
| Type: | Factoring company account | Factoring company account | ✓ |
| Pay Status: | Collection/Chargeoff | Collection/Chargeoff | ✓ |
| Past Due: | $3,897 | $3,897 | ✓ |
| High Balance: | $3,830 | $3,830 | ✓ |
| Terms: | --- | --- | ✓ |
| Limit: | $0 | $0 | ✓ |
| Payment: | $0 | $0 | ✓ |
| Opened: | 05/16/2008 | 05/16/2008 | ✓ |
| Reported: | 03/10/2009 | 03/10/2009 | ✓ |
| Responsibility: | Individual | Individual | ✓ |
| Remarks: | Collection Account Placed for collection | Collection Account Placed for collection | ✓ |

**Late Payments (last 7 years):**

| | | | |
|---|---|---|---|
| 30 Days Late: | 0 | 0 | ✓ |
| 60 Days Late: | 0 | 0 | ✓ |
| 90 Days Late: | 0 | 0 | ✓ |

Two-Year payment history:

Old

New

Comparison ✓

**EXHIBIT E**